**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| E.M., | : | Civil Action No. 20-3671 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff E.M. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning April 7, 2016. A hearing was held before ALJ Kenneth Ayers (the "ALJ") on July 6, 2018, and the ALJ issued an unfavorable decision on January 2, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of January 2, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional and non-exertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ failed to elicit a knowing waiver of counsel and to discharge the special duty owed to an unrepresented claimant; and 2) at step four, the ALJ did not sufficiently explain the evidentiary basis for the residual functional capacity determination.

Plaintiff first argues that the ALJ failed to elicit a knowing waiver of the right to counsel at the hearing. Plaintiff concedes that the ALJ elicited a waiver of the right to counsel, but contends that the ALJ did not inform Plaintiff of certain important details:

> First, she was not told of the valuable role that an attorney could play in the prosecution of her claim. Second, she was not told that attorney's fees are strictly governed on a contingency basis. Third, she was not told that the regulations prohibit an attorney from charging and the agency from approving a fee in excess of 25% of retroactive benefits. Fourth, plaintiff was not told of the conventional direct payment limitation of any attorney fee to a maximum of $6,000 regardless of whether 25% of retroactive benefits greatly exceed that number. Without this information, plaintiff's decline to be represented by counsel cannot be understood as a "knowing waiver".

(Pl.'s Br. 14-15.) Plaintiff cites no controlling authority in support of these points save for the

2

Third Circuit's decision in <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 407 (3d Cir. 1979) (citation omitted), which held:

> When the claimant has been informed of his right to counsel before an administrative hearing and knowingly waives it, his lack of representation is not, of itself, cause for remand.   Lack of counsel is sufficient cause for remand only if supported by a showing of clear prejudice or unfairness at the administrative hearing.   Our examination of the record in light of the heightened level of care and the responsibility of the ALJ to assume a more active role when the claimant is unrepresented convinces us that Dobrowolsky was prejudiced by lack of counsel and the passivity of the ALJ as developer of evidence in two critical respects . . .

<u>Dobrowolsky</u> provides no support for Plaintiff's arguments that failure to offer the allegedly omitted four pieces of information constitutes reversible error.   To the contrary, Dobrowolsky stands for the proposition that Third Circuit law imposes upon a claimant a burden which Plaintiff has not carried, the burden of showing prejudice based on the lack of counsel at the hearing.   Plaintiff has made no demonstration of prejudice.

Plaintiff further contends that the ALJ failed to comply with the <u>Dobrowolsky</u> requirement that, at a hearing with an unrepresented Plaintiff, an ALJ owes a heightened level of care.   Plaintiff contends that, after the direct examination of the vocational expert, the ALJ closed the hearing without offering Plaintiff an opportunity to cross-examine the expert.   This is a colorable argument, but Plaintiff proceeds to add that the ALJ failed to explain terminology to Plaintiff that she might not have known, and educate her about how Plaintiff might effectively represent herself at step five.   Furthermore, Plaintiff argues: "Absent that attorney, the ALJ's special duty must certainly have been to ask the questions that the attorney would have asked." (Pl.'s Br. 19.)

This Court makes two observations in response to these arguments.   First, Plaintiff has

3

offered no support for her interpretation of the "heightened level of care" owed to the unrepresented Plaintiff at step five, and asking the ALJ to function as both finder of fact and stand-in for the counsel whose presence has been waived is both unreasonable and lacking a basis in law.  Second, setting that aside for the moment, Plaintiff has not made the required demonstration of prejudice at step five.  Plaintiff essentially asks this Court to presume prejudice, which is contrary to the Third Circuit's clear guidance in Dobrowolsky.

Plaintiff next argues that, at step four, the ALJ failed to provide the evidentiary basis for the residual functional capacity determination.  Plaintiff states: "In sum, the RFC is based on optimistic opinion and not articulated evidence."  (Pl.'s Br. 27.)  This Court has reviewed the ALJ's explanation for the RFC determination and finds Plaintiff's characterization of it to be unsupported by the text of what the ALJ wrote.  The ALJ provided over three pages of detailed discussion of numerous pieces of evidence.  Neither the Commissioner nor this Court bears the burden of proving that the explanation is sufficient because Plaintiff contends otherwise.

Plaintiff here subtly attempts to shift the burden of proof at step four to the Commissioner, contrary to law.  Section 405(g), however, does not give the Commissioner the burden of defending determinations made at the first four steps of the analysis.  Instead, as will be explained, the law places a two-fold burden on Plaintiff as challenger of the determinations.

Ultimately, Plaintiff's argument that the ALJ failed to provide sufficient explanation of the evidentiary basis for the determination at step four suffers from two principal defects: 1) it fails to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) it fails to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her

impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.  It is not enough to show the presence of an error.  Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error.

The ALJ reported that Plaintiff had offered no assessment of her ability to work by any treating physician, nor was one provided by the independent examiners engaged by the Commissioner.  (Tr. 21.)  The ALJ concluded that the opinions of the agency reviewing physicians underestimated Plaintiff's limitations, and the RFC reflects greater limitations than stated by those reviewers.  Plaintiff has not shown that the ALJ erred at step four, has not shown that the evidence supported a decision in her favor, and has made no demonstration of prejudice as required by Shinseki.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she

5

was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                        s/ Stanley R. Chesler
                                                           STANLEY R. CHESLER, U.S.D.J.

Dated: July 27, 2021